# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| VELDA M. GRIFFIN,<br>    Appellant, | DOCKET NUMBER<br>PH-0752-17-0041-I-1 |
| v. | |
| DEPARTMENT OF HOMELAND<br>    SECURITY,<br>        Agency. | DATE: April 25, 2024 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jeff T. Schrameck</u>, Esquire, and <u>Joel J. Kirkpatrick</u>, Canton, Michigan, for the appellant.

<u>Ileana Gomez</u> and <u>Katerina Koutrobis</u>, Boston, Massachusetts, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained her removal. Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the appellant has not proven her claims of harmful error and laches, or that the agency knowingly and unjustifiably treated alleged comparator employees differently, we AFFIRM the initial decision.

## BACKGROUND

The appellant was employed as a GS-15 Supervisory Auditor, Field Director and managed field offices in Philadelphia, Pennsylvania, and Newark, New Jersey. Initial Appeal File (IAF), Tab 1 at 14, Tab 15 at 5. On May 16, 2016, the agency proposed her removal on the basis of the following charges: (1) submission of improper claims for mileage reimbursements supported by 32 specifications from September 7, 2011, to September 27, 2012; (2) unauthorized use of Government property for private gain because she admitted that she used her Government-purchased parking pass (the pass) on several occasions to avoid a heightened parking rate for her personal vehicle (POV) when she exited after 6:00 p.m., and, on September 4 and 14, 2015, when she used the pass to get her POV out of a garage in order to avoid the daily parking fee; and (3) lack of candor when, during a November 10, 2015 investigatory interview, she stated that she did not use the pass to enter the garage in her POV. IAF, Tab 7 at 43-50. The appellant responded both orally and in

writing. *Id.* at 21, 23-41. By letter dated September 26, 2016, the deciding official sustained the charges and imposed the appellant's removal. *Id.* at 17-20.

The appellant filed the instant appeal challenging her removal. IAF, Tab 1. After conducting the appellant's requested hearing, the administrative judge sustained the removal. IAF, Tab 34, Initial Decision (ID). Specifically, he sustained the charges, found nexus, and determined that the penalty did not exceed the bounds of reasonableness. ID at 6-19.

The appellant has filed a petition for review, and the agency has responded in opposition to her petition. Petition for Review (PFR) File, Tabs 1, 3.[2]

## DISCUSSION OF ARGUMENTS ON REVIEW

The agency proved its charges.

*Charge 1:    Submission of Improper Claims for Mileage Reimbursements*

In charge 1, the agency asserted that the appellant engaged in 32 specifications of misconduct by submitting improper claims for mileage reimbursements from September 7, 2011, to September 27, 2012. IAF, Tab 7 at 43-47. Specifically, it asserted that, even though vehicle logs indicated that her Government vehicle (GOV) was at her house and available for her use, she used her POV and claimed the mileage rate applicable to POVs, which was higher than that for GOVs. *Id.* It also asserted in some specifications that she indicated on her travel vouchers that using her POV was advantageous to the Government, she could not find the keys for the GOV, driving to get the keys would take too much time, the GOV was unavailable, or she was trying to use available travel funds at the end of the year. *Id.* at 44-47.

---

[2] The administrative judge found that the agency proved nexus. ID at 14-15. The appellant has not challenged this finding on review, and we find no reason to do so. PFR File, Tab 1; *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility).

The administrative judge sustained charge 1, finding that the appellant did not cast any doubt on the evidence that, for each of the dates in question, the GOV was available in her driveway, but she instead decided to use her POV and claim the highest mileage reimbursement rate. ID at 8-11; IAF, Tab 7 at 88-93, Tab 8 at 45-42, Tab 9 at 4-23, Tab 12 at 95-105. He did not credit her testimony that, although the GOV was in her driveway, the items she would have needed to use it, such as car keys, were in Philadelphia. ID at 9. Instead, he found that this explanation was implausible. *Id.* He also found that her statement that she kept the keys in Philadelphia because she feared theft from her home was unbelievable. *Id.* Additionally, he did not credit the appellant's assertion that she was attempting to use up travel funds at the end of the year because this testimony was contrary to her other testimony that she kept a GOV at her home to save travel funds. ID at 10. Further, he found that her testimony that she used her POV because she had already otherwise achieved her savings goals for the office was not worthy of belief as it was counterintuitive. *Id.* He also determined that the appellant's claims that her supervisor previously had approved her vouchers and that she had survived an audit were unpersuasive because her supervisor only generally reviewed her vouchers and the audit did not review the propriety of the underlying mileage rates claims. ID at 10-11.

The appellant asserts that she did not have a nefarious intent regarding the misconduct outlined in charge 1. PFR File, Tab 1 at 18. The administrative judge stated that the deciding official was too generous when he stated that the appellant's actions regarding charge 1 were not intentionally deceptive and that she felt entitled to take certain liberties to compensate for her efforts and long hours. ID at 11. However, deception was not a part of this charge. Thus, his statement was not necessary to his finding sustaining the charge and her challenge regarding intent does not provide a reason for disturbing the initial decision. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that

an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

The appellant also asserts that her memory was not clear regarding this charge because the agency questioned her in 2015 about matters that occurred in 2011 and 2012.  PFR File, Tab 1 at 18.  However, even accepting this argument as true, her lack of memory does not mean that she did not commit the alleged misconduct during the dates in question.  The appellant's remaining challenges to the administrative judge's decision to sustain charge 1, including that many days she was unaware of whether the GOV vehicle had been checked out, she believed that she was complying with instructions to use remaining travel funds for the year, the administrative judge did not give proper weight to the fact that her supervisor had approved her travel vouchers and they survived prior audits, there had never been a problem with her vouchers prior to 2011, and an investigation in 2013 found nothing, constitute mere disagreement with the initial decision, and thus, they do not provide a basis for disturbing it.  PFR File, Tab 1 at 16-20; *see Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions).  Accordingly, we agree with the administrative judge's decision to sustain charge 1.  *See, e.g.*, *Quarters v. Department of Veterans Affairs*, 97 M.S.P.R. 511, ¶ 4 (2004) (finding that, although he asserted that he pulled the wrong credit card from his wallet, because he admitted that he purchased tires on his Government credit card, the charge of misuse of a Government credit card was sustained); *Quillen v. Department of the Treasury*, 96 M.S.P.R. 154, ¶¶ 6-7 (2004) (sustaining the specification of misuse of Government office equipment when the appellant used his agency computer to support his commercial business), *aff'd*, 134 F. App'x 449 (Fed. Cir. 2005).

*Charge 2:  Unauthorized Use of Government Property for Private Gain*

In the second charge, the agency asserted that the appellant engaged in unauthorized use of Government property with respect to the Government-purchased parking pass.  IAF, Tab 7 at 47.  In specification 1, it asserted that she admitted in a November 10, 2015 investigatory meeting that she used the pass to get her personal vehicle out of a parking lot on several occasions in order to avoid a heightened parking fee on those dates when she stayed in the office after 6:00 p.m.  IAF, Tab 7 at 47, Tab 12 at 108-09.  Further, it asserted that it never authorized her to use the pass in such a manner, and thus, she was using the pass in an unauthorized manner for private gain.  IAF, Tab 7 at 47.  In specifications 2 and 3, the agency asserted that, on September 4 and 14, 2015, the appellant used the pass to get her personal vehicle out of the Philadelphia Parking Authority Auto Park at Olde City, and that, because she was not authorized to use the pass, she used Government property in an unauthorized way for private gain. *Id.*  The administrative judge sustained this charge, noting that the appellant ultimately stipulated to all three of its specifications and did not provide a justification for using the pass.  ID at 11-13; IAF, Tab 12 at 108-09, Tab 25 at 7.

To the extent that the appellant attempts to challenge this charge again on review on the basis of any alleged misunderstanding and lack of deceptive intent during the agency's interview or on the basis of her belief that she was entitled to use the pass, we find that these arguments do not provide a reason for disturbing the initial decision.  PFR File, Tab 1 at 5-7; IAF, Tab 25 at 7.  Specifically, the Board has held that, generally, an agency is not required to prove intent to sustain a charge of unauthorized use of Government property.  *See, e.g.*, *Quarters*, 97 M.S.P.R. 511, ¶ 4.  Thus, the administrative judge properly sustained this charge because the agency did not authorize the appellant to use the pass in such a manner and she benefited monetarily by using it.

*Charge 3: Lack of Candor*

To prove a charge of lack of candor, an agency must demonstrate the following: (1) the employee gave incorrect or incomplete information; and (2) she did so knowingly. *Fargnoli v. Department of Commerce*, 123 M.S.P.R. 330, ¶ 17 (2016). In charge 3, the agency asserted that the appellant lacked candor when, in a November 10, 2015 interview, she specifically denied using the pass to park her POV at the Philadelphia Parking Authority Auto Park at Olde City. IAF, Tab 7 at 47, Tab 12 at 108-10. The agency observed that records indicated that she used the pass to enter the garage on September 4 and 14, 2015. IAF, Tab 7 at 47, Tab 9 at 49-50, 106, Tab 10 at 53-54.

The administrative judge sustained this charge because he found that, although the appellant stated that she did not recall using the pass to get her POV out of the space, she did not dispute videotape evidence of her entering and leaving the parking garage in her POV. ID at 13-14. He considered her claims that she made the denials at the end of a day-long interview, that the investigator did not ask her specifically about the two dates mentioned in the charge, and that she emphasized that she readily admitted to using the pass to get her car out of a garage on other occasions. ID at 13; IAF, Tab 12 at 109-11. However, he did not credit her claim that she suffered a lapse in memory. ID at 13. He stated that it was undisputed that she denied the conduct approximately 2 months after its occurrence and she readily recalled using the pass after working late during the same time period.[3] *Id.*; IAF, Tab 12 at 109. He also considered that the appellant

---

[3] The administrative judge stated, "Given the short time between the actions and the denial, I *do* credit any claim of a lapse in memory." ID at 13 (emphasis added). However, this appears to be an error as the sentence is contained in a paragraph regarding those of the appellant's allegations that he did not credit or that he found unpersuasive. ID at 13-14. Thus, we have considered that the administrative judge did *not* credit the appellant's assertion regarding her lapse in memory and find that the administrative judge's typographical error is not prejudicial as it would not affect our decision to sustain the charge. *See Bivens v. Department of the Navy*, 55 M.S.P.R. 662, 664, n.3 (1992) (finding that the administrative judge's apparent typographical error in stating two different amounts of attorney fees and reimbursable costs that he found reasonable was inadvertent and did not affect the parties' substantive rights).

reviewed her statement and made multiple changes after the interview had concluded. ID at 13-14. Further, he found that the appellant readily admitted using the pass to exit the garage when she worked late because she felt justified in using it in that situation. *Id.* Thus, he found her argument concerning the implausibility of admitting to using the pass in one situation and not admitting her use in the other situation to be unpersuasive. *Id.*

The appellant asserts that the administrative judge erred in sustaining a false statement charge because she did not have the intent to defraud, deceive, or mislead the agency for her own personal gain. PFR File, Tab 1 at 5-6, 21-22. Lack of candor and falsification are distinct charges. *See Ludlum v. Department of Justice*, 278 F.3d 1280, 1284 (Fed. Cir. 2002); *O'Lague v. Department of Veterans Affairs*, 123 M.S.P.R. 340, ¶ 13 (2016), *aff'd per curiam*, 698 F. App'x 1034 (Fed. Cir. 2017). Whereas falsification "involves an affirmative misrepresentation, and requires intent to deceive," lack of candor, by contrast, "is a broader and more flexible concept whose contours and elements depend upon the particular context and conduct involved." *Ludlum*, 278 F.3d at 1284; *see O'Lague*, 123 M.S.P.R. 340, ¶ 13. The agency did not charge the appellant with falsification, and thus, her argument that she did not have the intent to defraud, deceive, or mislead the agency for her own personal gain does not provide a basis to disturb the administrative judge's findings.

Next, the appellant argues that her lack of recollection as to whether she used the pass to place her POV in the garage does not establish the necessary intent to prove the charge. PFR File, Tab 1 at 7. Although an agency need not prove an intent to deceive in connection with a lack of candor charge, it nonetheless must show that the misrepresentation or omission was made knowingly. *O'Lague*, 123 M.S.P.R. 340, ¶ 13. The administrative judge considered the appellant's argument that she did not recall using the pass and did not credit it. ID at 13. The Board must defer to an administrative judge's determinations when they are "necessarily intertwined" with an analysis of a

witness's demeanor. *See Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1373 (Fed. Cir. 2016). Here, the administrative judge stated that he had the opportunity to observe each witness and carefully considered their demeanor. ID at 6 (citing *Hamilton v. Department of Veterans Affairs*, 115 M.S.P.R. 673, ¶ 27 (2011)). Accordingly, we defer to his determination to not credit the appellant's claim of lack of recollection, which is implicitly based upon an analysis of her demeanor during her testimony. Thus, this argument does not support a finding that the agency failed to establish the necessary intent to prove the charge.

The appellant also asserts that she rightly or wrongly believed that she was entitled to use the pass as this was "minimal use." PFR File, Tab 1 at 6. However, she could have stated that she used the pass and asserted this argument during her interview, but she did not do so. IAF, Tab 12 at 108. Thus, her argument does not change the fact that she gave inaccurate or incomplete information as to her usage of the pass and did so knowingly. *See Fargnoli*, 123 M.S.P.R. 330, ¶ 17.

The appellant's remaining arguments, including that the investigators engaged in a "gotcha" investigatory technique, it defies common sense that she admitted using the pass to exit the parking garage but did not admit using the pass to enter, she was interviewed for 8 hours and she provided the answer about using the pass at the end of the interview, and she and the interviewer were not on the same page, constitute mere disagreement with the initial decision and do not provide a basis for disturbing it. PFR File, Tab 1 at 6-7; *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility). Thus, we find that the agency has proven the lack of candor charge on the basis that the appellant knowingly provided inaccurate or incomplete information regarding her usage of the pass. *See Little v. Department of Transportation*, 112 M.S.P.R. 224, ¶ 20 (2009) (finding that the appellant lacked

candor when, during an official inquiry, he claimed that he did not sign in to work and then leave, when the underlying misconduct of signing in and leaving was sustained).

<u>We modify the initial decision to find that the appellant has not established harmful error or laches.</u>

The appellant challenges the agency's reliance upon a 2013 investigation and its interviewing her about stale information from that investigation despite the fact that the investigation did not originally lead to any charges against her. PFR File, Tab 1 at 20. In 2013, the agency's Office of Internal Affairs investigated the appellant on the basis of allegations such as misuse of a GOV and time card fraud. IAF, Tab 28 at 5-14. The agency took no action after that investigation. Another investigation that the agency conducted in 2015 formed the basis of the charges at issue. ID at 7; IAF, Tab 7 at 53-63. The administrative judge found that this chronology did not constitute "agency misconduct." ID at 7. Specifically, he found that the fact that only a small portion of the total allegations led to charges against the appellant could be attributed to caution on the part of the agency and that the charges that the agency ultimately brought were readily proven. *Id.* We modify the initial decision to consider the appellant's arguments in the context of claims of harmful error and laches and find that she has not proven these defenses.

Under the harmful error standard, reversal is only warranted if the appellant proves, by preponderant evidence, that there was a procedural error that was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *See Holton v. Department of the Navy*, 123 M.S.P.R. 688, ¶ 11 (2016), *aff'd*, 884 F.3d 1142 (Fed. Cir. 2018); 5 C.F.R. §§ 1201.4(r), 1201.56(b)(2)(i)(C). A delay in investigating allegations or initiating disciplinary action may constitute procedural error if a law, regulation, or agency policy requires that allegations be investigated and/or disciplinary action be taken within a certain time period. *See,*

*e.g.*, *Salter v. Department of the Treasury*, 92 M.S.P.R. 355, ¶¶ 8-9 (2002) (finding that the agency committed procedural error when there was a 13-month delay between the issuance of the proposal to remove and the decision to demote as this contravened 5 U.S.C. § 4303(b)(2), (c)(1)). However, the appellant has not pointed to any such law, regulation, or agency policy. Thus, we find that she has not proven harmful error.

The Board also has considered "stale charge" claims as raising the equitable defense of laches, which bars an action when an unreasonable delay in bringing it prejudiced the subject of the action. *See, e.g.*, *Kirkland v. Department of Homeland Security*, 119 M.S.P.R. 74, ¶ 23 (2013). To establish the defense of laches, an appellant must prove both that the delay in bringing the action was unreasonable and that she was materially prejudiced by the delay. *Id.* The appellant asserts that the agency could have charged her after the first investigation when she had a clearer memory of the underlying misconduct from charge 1 that occurred from 2011 to 2012. PFR File, Tab 1 at 20. However, we agree with the administrative judge that the agency based the charge upon undisputed documentary evidence, including reimbursement requests and the vehicle logs. ID at 8; IAF, Tab 7 at 87-93, 125-30, Tab 8 at 4-52, Tab 9 at 4-29. The appellant has not asserted that this evidence was unavailable. She has otherwise not demonstrated that she was materially prejudiced, and there is no evidence that she was unable to defend against the charges on the basis of any delay. Thus, she has failed to demonstrate laches. *See Kirkland*, 119 M.S.P.R. 74, ¶ 23 (finding that the appellant did not prove laches when she failed to show that the agency's 14-month delay prejudiced her ability to defend against the specification in any manner, much less materially prejudiced her); *Hidalgo v. Department of Justice*, 93 M.S.P.R. 645, ¶ 19 (2003) (finding that the appellant failed to demonstrate that the agency's charge should be barred by laches when he did not even allege that the agency's delay affected his ability to defend himself).

*The removal penalty did not exceed the bounds of reasonableness.*

The appellant challenges the penalty determination on the basis that it is not consistent with the *Douglas* factors or the penalty imposed upon other employees, not in accordance with law, and otherwise unsupported. PFR File, Tab 1 at 8. When the Board sustains an agency's charge, it will defer to the agency's penalty determination unless the penalty exceeds the range of allowable punishment specified by statute or regulation, or unless the penalty is so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion. *See Saiz v. Department of the Navy*, 122 M.S.P.R. 521, ¶ 5 (2015). The administrative judge found that the agency's penalty was reasonable. ID at 15-19. He considered that agencies could hold supervisors to a higher standard and that the charges of unauthorized use of Government property for personal gain and lack of candor are serious. ID at 15-16. Further, he cited the deciding official's testimony that the penalty was consistent with the agency's table of penalties. ID at 16.

According to the administrative judge, in making her penalty determination, the deciding official was aware of some potential comparators, but not of others. ID at 16. These previously unknown comparators differed from the appellant in terms of their chains of command and duties, among other respects. ID at 16; IAF, Tab 25 at 27-64. The administrative judge found, based on the deciding official's testimony, that she would have reached the same result despite these additional alleged comparators because, unlike them, the appellant effectively ran her own office. ID at 16-17.

The administrative judge did not credit the appellant's arguments that her actions were unintentional or that the amounts involved were de minimis. ID at 17-18. Further, he focused on the deciding official's testimony that she lost trust in the appellant and that, considering the nature of her position, it would be difficult to monitor her rehabilitation. ID at 18-19.

In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981), the Board articulated a nonexhaustive list of 12 factors to be considered when evaluating the penalty to be imposed for an act of misconduct. Among those factors, the agency should consider the "consistency of the penalty with those imposed upon other employees for the same or similar offenses." *Id.* The appellant argues that the deciding official did not review any comparator evidence, did not request to see any such evidence, and may not have even known that there was such evidence available. PFR File, Tab 1 at 23-24. Thus, she asserts that the deciding official can only speculate as to her decision had she reviewed any alleged comparators. *Id.* at 24.

After the initial decision was issued in this case, the Board issued *Singh v. U.S. Postal Service*, 2022 MSPB 15. In that decision, the Board clarified the analysis to undertake when an appellant makes a disparate penalty claim. In assessing the agency's penalty determination, the relevant inquiry is whether the agency knowingly and unjustifiably treated employees differently. *Id.*, ¶ 14; *see Facer v. Department of the Air Force*, 836 F.2d 535, 539 (Fed. Cir. 1988) (providing that a person does not have a legally protected interest in the evenness of a misconduct penalty assessed on him compared to that assessed on others unless employees are knowingly treated differently "in a way not justified by the facts, and intentionally for reasons other than the efficiency of the service"). Further, while the universe of potential comparators will vary from case to case, employees from another work unit or supervisory chain generally will not be proper comparators. *Singh*, 2022 MSPB 15, ¶ 13. To the extent that the appellant presented valid comparators during the proceedings below that were not previously considered by the deciding official, the administrative judge credited the deciding official's testimony that she would still have imposed a harsher penalty on the appellant because of her greater level of independence. ID at 16-17. In light of *Singh*, we vacate this finding as unnecessary. Instead, we find that because the deciding official was not aware of the appellant's alleged

potential comparators at the time she made her decision, she did not knowingly and unjustifiably treat the appellant differently.[4]  *See Singh*, 2022 MSPB 15, ¶ 14.

We have considered the appellant's other arguments, including that the agency did not adequately consider alternative sanctions, the agency had never accused her of misconduct prior to that at issue here, she never had any negative issues related to her duties and responsibilities as an agency employee or supervisor, she had over 28 years of service, she received awards in the agency and community, and the agency did not consider her potential for rehabilitation. PFR File, Tab 1 at 8-12, 28.  However, we agree with the deciding official that the appellant's misconduct was serious, particularly considering that she was a Field Director who managed two Field Offices, she received reimbursements to which she was not entitled, and her actions created an appearance of a conflict of interest.  IAF, Tab 7 at 17-18; *see Ellis v. Department of Defense*, 114 M.S.P.R. 407, ¶¶ 2, 11 (2010) (finding that the appellant's actions, which included misusing Government stationery in an attempt to vacate a rental property early, constituted serious misconduct); *Jackson v. Department of the Army*, 99 M.S.P.R. 604, ¶¶ 2, 6 (2005) (observing that lack of candor is a serious offense and that removal was a reasonable penalty for, as relevant here, the appellant's false denial of her knowledge that officers under her supervisor had failed their firearm tests).

Further, the Board has consistently stated that an agency is entitled to hold a supervisor to a higher standard of conduct compared to a nonsupervisory

---

[4] To the extent that the appellant asserts that the agency violated her right to due process by failing to review all relevant comparators, we find no such violation.  PFR File, Tab 1 at 23-24, 27-28.  Procedural due process guarantees are not met if the employee has notice of only certain charges or portions of the evidence and the deciding official considers new and material information; therefore, it is constitutionally impermissible to allow a deciding official to receive additional material information that may undermine the objectivity required to protect the fairness of the process.  *See Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1375-76 (Fed. Cir. 1999).  The appellant does not assert that the deciding official denied her the information that she reviewed in making her penalty determination, and thus, this does not constitute a due process violation.

employee because supervisors occupy a position of trust and responsibility. *See, e.g.*, *Hill v. Department of the Army*, 120 M.S.P.R. 340, ¶ 15 (2013). Accordingly, we find that the agency did not abuse its discretion in imposing the removal penalty on the basis of the sustained charges of submission of improper claims for mileage reimbursements, unauthorized use of Government property for private gain, and lack of candor.[5]

In sum, we find that the agency has proven its charges, the appellant has failed to demonstrate harmful error or laches, and the penalty does not exceed the bounds of reasonableness. Thus, we affirm the initial decision and sustain the removal.

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your

---

[5] The appellant asserts that the administrative judge ignored significant evidence that supported a finding that the agency did not prove its charges and that, even if it did prove any of the charges, the penalty should be mitigated. PFR File, Tab 1 at 28. An administrative judge's failure to mention all of the evidence does not mean that he improperly failed to consider it. *Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 15 (2016). As a result, this argument does not provide a reason for disturbing the initial decision.

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          _____
                                        Gina K. Grippando
                                        Clerk of the Board
Washington, D.C.